UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHERRI CAIN, | |
| Plaintiff, | Case No. 1:16-cv-04836 |
| v. | Honorable Judge Elaine E. Bucklo |
| OCWEN LOAN SERVICING, LLC, | |
| Defendant. | |

**RESPONSE TO OCWEN LOAN SERVICING, LLC'S
MOTION FOR SANCTIONS [DKT #64] AND
REQUEST TO TRANSFER TO THE HONORABLE JOAN B. GOTTSCHALL**

Nicholas Heath Wooten, one of the respondents, and on behalf of all respondents, files herein this response to Ocwen Loan Servicing, LLC's motion for sanctions [DKT #64] and request to transfer this motion for sanctions to the Honorable Joan B. Gottschall for hearing and determination. As grounds therefore, the undersigned counsel shows as follows:

**INTRODUCTION**

Ocwen brought the instant motion for sanctions before this Court without disclosing relevant material facts to the Court. Ocwen failed to inform the Court its counsel had sent a letter to respondent Mohammed O. Badwan ("Badwan") requesting a certification that any confidential documents from any previously settled Ocwen case that may have been retained be destroyed on June 1, 2018. *See* ***Exhibit A***, attached hereto. Ocwen failed to inform the Court that respondent Badwan made the certification Ocwen requested on June 13, 2018. *See* ***Exhibit B***, attached hereto. Ocwen failed to inform the Court that after the certification was made there was no further communication with any respondent on these issues before the filing of the present motion.

Ocwen also failed to inform the Court that Ocwen had already received all the relief Ocwen

has requested in the instant motion other than the request for an award of attorney's fees and costs. Ocwen also failed to inform the Court that the purportedly "confidential" documents (2 pages) were part of an exhibit to a Rule 30(b)(6) deposition of Ocwen in the *Cain* case. As explained in detail below, Ocwen failed to designate any of the testimony or the exhibits from the *Cain* 30(b)(6) deposition as confidential, effectively removing the protected status of the deposition testimony and inclusive exhibits. Ocwen also fails to inform the Court that during the *Saccameno* trial Judge Gottschall invited Ocwen to present any jury instruction it wished to bring regarding the questions asked related to the documents in question. Ocwen did not offer any jury instruction on the documents to Judge Gottschall. Furthermore, Ocwen has not argued in its post-trial motions filed in *Saccameno* that Ocwen was in any way harmed or prejudiced by the conduct that is the subject of this motion.

## STANDARD FOR IMPOSING SANCTIONS

Any sanctions imposed pursuant to the court's inherent authority must be premised on a finding that the culpable party willfully abused the judicial process or otherwise conducted the litigation in bad faith. *See Chambers*, 501 U.S. at 50, 111 S. Ct. at 2135-36; *Secrease*, 800 F.3d at 401; *Trade Well Int'l v. United Cent. Bank*, 778 F.3d 620, 626 (7th Cir. 2015) (negligence is insufficient to support a finding of bad faith). Rule 37 itself does not specify a requisite mental state, but in *Societe Internationale pour Participations Industrielles et Commerciales, S. A. v. Rogers*, 357 U.S. 197, 212, 78 S. Ct. 1087, 1096, 2 L. Ed. 2d 1255 (1958), the Supreme Court concluded that Rule 37 should not be construed to authorize dismissal of an action when a plaintiff's failure to comply with his discovery obligations was due to his inability to comply rather than his "willfulness, bad faith, or any fault." *See also Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 640, 96 S. Ct. 2778, 2779, 49 L. Ed. 2d 747 (1976) (per curiam) (reaffirming that holding). Fault, in contrast to willfulness or bad faith, does not require a showing of intent, but presumes that the sanctioned party

was guilty of "extraordinarily poor judgment" or "gross negligence" rather than mere "mistake or carelessness." *Marrocco v. Gen. Motors Corp.*, 966 F.2d 220, 224 (7th Cir. 1992); *Long v. Steepro*, 213 F.3d 983, 987 (7th Cir. 2000) ("[f]ault in this context suggests objectively unreasonable behavior"); *see also E360 Insight, Inc. v. Spamhaus Project*, 658 F.3d 637, 642-43 (7th Cir. 2011) (distinguishing degree of fault necessary to support dismissal or default from that necessary to support lesser sanctions). *Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 776 (7th Cir. 2016). Although Rule 37(b) applies to all failures to comply with court orders, whether willful or not, presence or lack of good faith in parties is relevant to orders which should be given. *B. F. Goodrich Tire Co. v. Lyster,* 328 F.2d 411 (5th Cir. 1964). Good faith dispute concerning discovery question might constitute "substantial justification" amounting to special circumstances to excuse failure to comply with motion for discovery and relieve party from sanctions. *Liew v. Breen* (9th Cir. Cal. Mar. 20, 1981), 640 F2d 1046.

## ARGUMENT

1. Ocwen's motion for sanctions claims that counsel for Plaintiff Sherri Cain ("Cain") should be sanctioned for violating the confidentiality order [DKT #17] entered on November 2, 2016.

2. The incident that gives rise to this motion occurred during the jury trial of *Saccameno v. Ocwen* (Case No. 1:15-cv-01164) before the Honorable Joan B. Gottschall on April 6, 2018.

3. On April 11, 2018, the jury in *Saccameno* ultimately returned a verdict of $3,582,000 in favor of the plaintiff (Saccameno) and against the defendant (Ocwen).

### A. Request to Transfer Ocwen's Motion [DKT #64] to Judge Gottschall

4. For the following reasons, the undersigned counsel requests that this Court transfer Ocwen's motion for sanctions [DKT #64] to Judge Gottschall for hearing and determination:

    a. Judge Gottschall personally observed the underlying conduct.

b. Judge Gottschall has first-hand knowledge of the impact that the use of these documents had on the trial, if any.

c. Judge Gottschall observed the demeanor of all counsel and heard arguments and explanations from all counsel at the time of the incident in question.

d. Ocwen requested sanctions for this very conduct during the *Saccameno* trial, which Judge Gottschall rejected.

e. Judge Gottschall invited Ocwen to provide any "curative" instruction it wished her to consider related to the questions about the documents. Ocwen failed to request any instruction related to the questions regarding the documents during the *Saccameno* trial.

f. There is nothing unique or particularized about this circumstance that requires this Court to hear this motion rather than Judge Gottschall. The confidentiality order in this case is the Northern District's form protective order with which every Judge in the District is familiar.

g. Because the "offense" asserted by Ocwen in the instant motion occurred during the jury trial before Judge Gottschall, she is in the best position to determine if the "offense" violated the underlying confidentiality order and Seventh Circuit jurisprudence, or if there was any impact on the trial, or if Ocwen suffered any harm or prejudice due to the questions asked.

h. On April 6, 2018, when the conduct at issue occurred, Ocwen's trial counsel asked Judge Gottschall to impose sanctions subject to the settlement agreement in *Cain*. Judge Gottschall refused to impose sanctions at that time. However, Judge Gottschall stated that Ocwen could file a written motion if they wished to pursue sanctions. *See*

> *Exhibit C* attached, Trial Tr. at 706-710; 711:1-13 [*Saccameno* DKT #285].

  i. Ocwen's counsel in *Saccameno* never sought sanctions through a written motion and never raised the conduct at issue in its post-trial motions.

  j. Instead, on July 23, 2018 (more than 90 days later), Ocwen, acting through separate counsel (Locke Lord), filed the instant motion for sanctions complaining of the identical actions presented to Judge Gottschall on April 6, 2018. *Id*.

  k. This motion for sanctions is premised upon the protective order emanating from this Court in the *Cain* litigation rather than the *Cain* settlement agreement.

  l. The filing of the instant motion for sanctions followed the first business day after Ocwen filed its post-trial motions in *Saccameno* and the timing of the filing appears to have been coordinated by Ocwen to interfere with *Saccameno's* responses to Ocwen's post-trial motions.

  m. In fact, the response to this motion has substantially interfered with undersigned counsel's ability to respond to Ocwen's post-trial motions in *Saccameno* such that undersigned counsel has been forced to seek a lengthy extension of the briefing schedule in *Saccameno* to accommodate the response to the motion for sanctions.

  n. Because Ocwen already sought sanctions for this conduct and was initially rebuffed by Judge Gottschall, it appears that Ocwen is seeking a second bite at the apple and/or forum shopping for a different ruling in this Court. *Id*.

5. Alternatively, this Court should deny Ocwen's motion because the protective order was not violated. If undersigned counsel's understanding of the confidential status of the documents in question is determined to be wrong, then it should still be readily apparent that undersigned counsel had a good faith and reasonable belief that the documents were no longer confidential. If undersigned

counsel was incorrect in his understanding of the confidential status of the documents at the time he sought to question Ocwen about the two pages, it follows that what transpired in the *Saccameno* trial was an accidental and technical violation of the confidentiality order and that the violation was an innocent mistake.

6. Further, if counsel was mistaken in his interpretation related to the status of these documents, then the mistake was ultimately harmless to Ocwen and Ocwen suffered no prejudice because of the incident in question.

### B. The Underlying Protective Order was Not Violated

7. Ocwen correctly states that the underlying document was initially designated "confidential" by Ocwen when tendered in written discovery.

8. Ocwen conveniently fails to disclose that, as a matter of course, Ocwen designates *every* document it produces in written discovery in every case in the district as confidential.

9. This designation is made without regard to whether or not the document meets the Circuit standard for confidential treatment.

10. Astonishingly, Ocwen did not inform the Court that the documents in question were part of an exhibit to Ocwen's 30(b)(6) deposition taken during the *Cain* case.

11. Ocwen's corporate representative in *Cain* gave testimony on May 9, 2017. Undersigned counsel took Ocwen's testimony on this date. *See* **Exhibit D** *generally*.

12. Paragraph 4 of the protective order states:

> **4. Depositions** – Unless all parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Confidential Information until the expiration of the following: No later than the fourteenth day after the transcript is delivered to any party or the witness, and in no event later than 60 days after the testimony was given, Within this time period, a party may serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designated Confidential Information, and thereafter only those portions identified in the Notice of Designation shall be

protected by the terms of this Order. The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential Information, unless otherwise ordered by the Court.

13. On August 1, 2017, the *Cain* matter was dismissed by stipulation due to a settlement between the parties, with leave to reinstate through September 25, 2017. [DKT #63.]

14. At no time between May 9, 2017 and September 25, 2017 did Ocwen designate any portion of this deposition confidential as required by paragraph 4, let alone the documents at issue.

15. Needless to say, more than 60 days passed after the Rule 30(b)(6) deposition with no designations of confidentiality.

16. Paragraph 6 of the protective order states:

> **6. Inadvertent Failure to Designate.** An inadvertent failure to designate a document as Confidential information does not, standing alone, waive the right to so designate the document; provided, however, that **a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony**….**No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information**, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information. (Emphasis added.)

17. Ocwen does not explain that the documents in question were no longer confidential as of July 12, 2017.

18. Therefore, by Ocwen's own conduct, the documents in question are not confidential.

19. Ocwen is only able to make its claim that the confidentiality order was violated by omitting these undisputed facts surrounding the Rule 30(b)(6) deposition and by entirely ignoring the remaining provisions of the protective order.

### C. Any Violation Was Harmless and the Result of an Innocent Mistake

20. Ocwen claims that the document was used to help Saccameno in the trial, resulting in harm to Ocwen. What should be telling is Ocwen's decision to withhold the document from this Court

without including a description of the document, or offering any explanation as to how very limited questions about two pages of an Ocwen notes log actually caused any harm to Ocwen.

21. Ocwen should be required to produce this document for the Court to conduct an in camera review.

22. The document in question consists of two (2) total pages taken from Ocwen's standard servicing notes from Ocwen's loan servicing system of record (RealServicing) that were a part of an exhibit from the *Cain* 30(b)(6) deposition.

23. The notes log itself usually consists of hundreds of pages for a borrower's mortgage loan account.

24. The notes log is simply Ocwen's business record, maintained in a chronological fashion, of its interactions with the mortgage borrower and its actions taken while servicing the borrower's mortgage loan account.

25. The notes log is available to every Ocwen employee in Ocwen's servicing department. *Id* at. pp. 97:19-98:8, 106:15-107:22.

26. Ocwen is well aware that the notes log is readily accessible to thousands of employees and certain non-employee vendors who have "read-only" access to the notes log.

27. Ocwen also is well aware that the notes log is never maintained as a confidential document in the ordinary course of Ocwen's business, that the notes log contains no trade secrets or proprietary information, and the notes log is primarily a factual history of servicing of a borrower's mortgage loan account.

28. The notes log in the *Cain* case formed the very structure of the Ocwen deposition. The notes log was referenced throughout the Ocwen deposition in *Cain* and is the subject of the testimony over roughly 70% of the pages in the Ocwen deposition for the *Cain* case.

29. During the trial in *Saccameno,* Ocwen's corporate representative made a categorical assertion that Ocwen had never improperly coded a bankruptcy case as dismissed rather than discharged.

30. Undersigned counsel knew that testimony to be false based upon Ocwen's testimony in the *Cain* case. The two pages in question were intended to impeach Ocwen's contradictory testimony in the *Saccameno* matter.

31. Undersigned counsel could not have possibly broached the issue of using the documents in question prior to the trial because undersigned counsel could not have been expected to know that Ocwen would make such a false categorical statement in the presence of the jury.

32. When the undersigned counsel brought the documents to the Court's and Ocwen's attention the next morning, Ocwen objected. The documents were discussed outside the presence of the jury. Judge Gottschall ruled that Ocwen could be questioned on the documents.

33. The two pages in question dealt with Ocwen coding the Cain loan as "dismissed" instead of "discharged." *Id*. at pp. 97:19-98:8, 106:15-107:22.

34. While the undersigned counsel intended to impeach Ocwen with these pages, it is clear from *Exhibit C* that Ocwen's previous testimony was not impeached by these documents and that the documents were never admitted into evidence or published to the jury. In fact, Ocwen's testifying witness curiously could not authenticate the document, explain the document, or provide any meaningful testimony about the document. *See Exhibit C* attached.

35. Undersigned counsel believed that the documents in question were not confidential because they were part of Ocwen's deposition from the *Cain* case and Ocwen had not designated any portion of that deposition as confidential as required by paragraphs 4 and 6 of the protective order.

36. Therefore, undersigned counsel believed he was free to use these documents to impeach Ocwen's testimony in *Saccameno.*

37. Undersigned counsel made the decision to use these two pages of documents alone.

38. No other respondent to this motion for sanctions had any advance knowledge of undersigned counsel's decision regarding this trial strategy. The pages in question were pulled from undersigned counsel's own system of record and not from the records of any other respondent.

39. Mr. Hijazin was not involved in the *Saccameno* trial and was not aware of this issue prior to Ocwen's filing of the instant motion.

40. Mr. Sulaiman was at the *Saccameno* trial as an observer and was not aware of the use of these documents until they were presented to the Court. Mr. Sulaiman had no knowledge of the confidential or not confidential status of the documents in question at the time they were presented to the Court during the *Saccameno* trial.

41. Mr. Badwan was not aware undersigned counsel intended to use these documents for cross examination until they were offered to the Court.

42. No respondent other than undersigned counsel had any role in the conduct in question.

    **D.**     **Ocwen Received All the Relief it has Requested Here by June 13, 2018**

43. After the *Saccameno* trial ended, Ocwen, through Locke Lord, contacted undersigned counsel via letter dated June 1, 2018 requesting a certification that any documents from any previously settled Ocwen case that may have been retained be destroyed. See *Exhibit A* attached.

44. Upon receipt of *Exhibit A*, the undersigned counsel instructed his paralegal to destroy any Ocwen documents in his firm's possession without regard to whether they were confidential or not for any settled or closed Ocwen file for his firm. The undersigned counsel informed Mr. Badwan that he had done so.

45. On June 13, 2018, Mr. Badwan made the requested certification to Ocwen's counsel. *See Exhibit B* attached.

46. After this certification was made to Ocwen's counsel, undersigned counsel heard nothing else about this issue until the instant motion was filed.

47. Undersigned counsel enjoys a very collegial professional relationship with Ocwen's counsel who has brought the instant motion for sanctions.

48. Based upon our prior course of dealings together, undersigned counsel would have expected any concerns about the certification made to Ocwen by Mr. Badwan to have been brought to his attention directly by Ocwen's counsel. Undersigned counsel heard nothing before this motion was filed.

49. Further, all respondents to this motion had done the things requested by Ocwen in the instant motion no later than June 13, 2018 with the obvious exception of paying attorney's fees and costs to Ocwen. That is, all respondents had certified the destruction of any confidential documents from any resolved Ocwen litigation which covers Ocwen's request numbered 1 and 2 in the present motion.

50. After the instant motion was filed the undersigned counsel spoke with counsel for Ocwen and assured him that the undersigned retained no documents produced under a protective order from any Ocwen file that he was involved with that was not currently in active litigation.

51. Undersigned counsel is concerned that Ocwen forced the filing of this motion both to attempt to extract a sanction against the trial counsel team in the *Saccameno* case and to take valuable time away from undersigned counsel's efforts to respond to the post-trial motions filed in *Saccameno*.

52. Further, the filing of this motion by Ocwen resulted in media coverage that cast the respondents in a negative light. *See* article from Law 360 attached as **Exhibit E**.

    D. **Nick Wooten is the Only Proper Respondent**

53. The undersigned (Wooten) is lead counsel in both this matter and the *Saccameno* matter.

54. Ocwen's motion names four other attorneys: Ahmad Sulaiman, Mohammed Badwan, Majdi

Hijazin, and Dan McGarry. These attorneys had nothing to do with the allegedly offending conduct.

55. All of the complained of actions were taken by the undersigned counsel (Wooten) and by no one else. More specifically:

    a. Dan McGarry was not an employee of Sulaiman Law Group, Ltd. at the time of the alleged conduct, and he was not involved in the *Saccameno* trial in any fashion (Mr. McGarry's motion to withdraw in Cain was granted on August 21, 2018 and, upon consideration of Mr. McGarry's Affidavit, Ocwen withdrew its Motion for Sanctions as to Mr. McGarry only).

    b. Majdi Hijazin was the undersigned's co-counsel in this matter (*Cain*), but Mr. Hijazin had no role in the *Saccameno* trial.

    c. Mohammed Badwan was the undersigned's co-counsel in *Saccameno*, but Mr. Badwan had no role in this case (*Cain*).

    d. Ahmad Sulaiman is the owner of Sulaiman Law Group, Ltd. with appearances filed in both cases, but Mr. Sulaiman had no active role litigating either case.

56. If there is a party to be sanctioned in this matter, it would be the undersigned counsel and no other counsel of record in *Cain*.

57. As such, the undersigned counsel is the actual and only proper target of Ocwen's motion for sanctions, and the undersigned counsel requests that the remaining respondents be dismissed from this motion.

58. Further, undersigned counsel has practiced law for twenty years and has never been sanctioned by any Court. This is despite undersigned counsel practicing in multiple State and Federal Courts during his career.

59. Lastly, undersigned counsel requests a hearing on this motion where undersigned may appear and be questioned about the conduct in question and address the motion with the Court and opposing counsel. Undersigned believes that it is critical to have an in person hearing to address any concerns the Court may have about this motion or any of undersigned's conduct relevant to this motion. Undersigned counsel feels that it is important for the Court to hear from counsel personally since undersigned has not yet had the opportunity to appear before the Court in any proceeding.

WHEREFORE, the undersigned counsel respectfully requests that the Court issue an order:

a. Dismissing respondents Sulaiman, Hijazin and Badwan from this motion;

b. Transferring this motion to Judge Gottschall's docket for further proceedings; or

c. Setting this matter for hearing at the Court's convenience so that the Respondent may be heard or may address any concerns the Court might have that are raised in this matter; and

d. Upon hearing and consideration, denying Ocwen's motion; and

e. Granting any other just relief.

Dated: August 24, 2018

Respectfully submitted by
Respondent Nicholas Heath Wooten,
on behalf of Himself and all Respondents,

/s/ Nick Wooten
Nick Wooten
NICK WOOTEN, LLC
*One of the Attorneys for Plaintiff Cain*
4935 Bay Hill Drive
Conway, Arkansas 72034
nick@nickwooten.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on August 24, 2018, I electronically filed the foregoing document with the clerk of the court for Northern District of Illinois, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of E-Filing" to the attorneys of record in this case.

                                            */s/ Nick Wooten*
                                            Nick Wooten
                                            NICK WOOTEN, LLC
                                            *One of the Respondents and*
                                            *One of the Attorneys for Plaintiff Cain*